UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

XIAO QING TIAN, SHU LIAN FENG, GUANG          Case No: 1:24-cv-5519
GUO JIANG, and JI YUN YANG,

                                    Plaintiffs,          **COMPLAINT**

-against-

LIANGTSE KG WELLNESS ONE LLC, XIAOZHE
LIU A/K/A DJ LIU, and HUI JING ZHU A/K/A
KELLY ZHU

                                    Defendants.
------------------------------------------------------------------X

The Plaintiffs, by their attorneys, state and allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs Xiao Qing Tian, Shu Lian Feng, Guang Guo Jiang, and Ji Yun Yang

(collectively "Plaintiffs") bring this action Liangtse KG Wellness One LLC, Xiaozhe Liu a/k/a

DJ Liu, and Hui Jing Zhu a/k/a Kelly Zhu for violations of the Fair Labor Standards Act

("FLSA") and New York Labor Law ("NYLL"), including failure to pay overtime pay, failure to

pay for all hours worked, and failure to pay the New York State minimum wage.

2.       Plaintiffs worked for varying periods of time between approximately December 2020

and the present at Liangtse Wellness, an upscale spa and massage parlor located at 150 East 55th,

New York, NY 10022.

3.      Throughout Plaintiffs' employment at Liangtse Wellness, Defendants paid Plaintiffs

Tian, Feng and Jiang only for the time that those Plaintiffs were giving massages, and didn't pay

them any wages for their other working hours, which included pre-scheduled time cleaning the

spa and waiting for customers.  Throughout Plaintiff Yang's employment, the Defendants

1

promised to pay Plaintiff Yang a daily salary that fell below the applicable New York State minimum wage.  Further the Defendants paid Plaintiff Yang far less than they even promised to pay her.

4.    Finally, the Defendants failed to pay any of the Plaintiffs any overtime premiums when they worked more than forty hours per week.  Finally, Defendants failed to provide Plaintiffs with written notices of pay rate at the time of hire, and failed to provide paystubs meeting the requirements of New York Labor Law § 195.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and 28 U.S.C. § 1331.

6.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred in this district.

## THE PARTIES

### Plaintiffs

8.    Plaintiff Xiao Qing Tian ("Plaintiff Tian") has been employed at Liangtse Wellness from approximately April 2021 to November, 2022, and again from approximately December 3, 2023 to the present.

9.    Plaintiff Shu Lian Feng ("Plaintiff Feng") has been employed at Liangtse Wellness from approximately February 2021 to November, 2022, and again from approximately December 3, 3023 to the present.

10.		Plaintiff Guang Guo Jiang ("Plaintiff Jiang") was employed at Liangtse Wellness from approximately December, 2020 to August, 2022.

11.		Plaintiff Ji Yun Yang ("Plaintiff Yang") was employed at Liangtse Wellness from approximately October, 2019 to March, 2022.

**Defendants**

Liangtse KG Wellness One LLC

12.		Defendant Liangtse KG Wellness One LLC is a Limited Liability Company organized under the laws of the State of New York with a principal place of business at 150 East 55th Street, New York, NY 10022.

13.		At all relevant times, and during the entirety of Plaintiffs' employment at Liangtse Wellness, Defendant Liangtse KG Wellness One LLC has owned and operated the Liangtse Wellness spa doing business at 150 East 55th Street.

14.		At all times Plaintiffs worked at Liangtse Wellness, Defendant Liangtse KG Wellness One LLC was a privately held Limited Liability Company formed under the laws of New York on or about December 21, 2017.

15.		Upon information and belief, throughout the period Plaintiffs worked at Liangtse Wellness, Liangtse KG Wellness One LLC was an enterprise engaged in interstate commerce within the meaning of the FLSA in that it:

   a. had employees engaged in commerce or in the production of goods for commerce, or who handled, sold or otherwise worked on goods or materials that were moved in or produced for commerce by any person, including but not limited to sheets, towels, clothing, materials used for foot treatments and other supplies that come from foreign countries, including but not limited to China; and

   b. had an annual gross volume of sales of not less than $500,000.

16.    At all times Plaintiffs worked at Liangtse Wellness, Defendant Liangtse KG Wellness One LLC was Plaintiffs' "employer" within the meaning of the FLSA and the NYLL.

Xiaozhe Liu a/k/a DJ Liu

17.    Xiaozhe Liu was the "founding partner" of Liangtse KG Wellness One LLC.

18.    Upon information and belief, Defendant Xiaozhe Liu has at all relevant times been a member of the Liangtse KG Wellness One LLC.

19.    Upon information and belief, Defendant Xiaozhe Liu, together with Defendant Hui Jing Zhu, determined the compensation that the Plaintiffs received for their work at Liangtse Wellness throughout their employment.

20.    Upon information and belief, throughout the Plaintiffs' employment at Liangtse Wellness, Defendant Xiaozhe Liu has overseen the operations of Liangtse Wellness and has had the authority to hire and fire workers, determine the terms and conditions of Plaintiffs' employment including their compensation, maintain the business' employment records, and assign work responsibilities.

21.    At all times Plaintiffs worked at Liangtse Wellness, Defendant Xiaozhe Liu was the Plaintiffs' "employer" within the meaning of the FLSA and the NYLL.

Hui Jing Zhu a/k/a Kelly Zhu

22.    Defendant Hui Jing Zhu ran the day to day operations at Liangtse Wellness.

23.    Defendant Hui Jing Zhu hired all three of the Plaintiffs to work at Liangtse Wellness.

24.    Defendant Hui Jing Zhu determined the Plaintiffs' work schedules.

25.    Defendant Hui Jing Zhu supervised the Plaintiffs when she was present in the spa.

26.    Defendant Hui Jing Zhu normally paid the Plaintiff their wages.

27.    Defendant Hui Jing Zhu maintained records concerning the wages that Liangtse Wellness paid to the Plaintiffs.

28.        Upon information and belief, Defendant Hui Jing Zhu, together with Defendant Xiaozhe Liu, determined the compensation that the Plaintiffs received for their work at Liangtse Wellness throughout their employment.

29.        Defendant Hui Jing Zhu had the authority to discipline workers, and used that authority to suspend Plaintiff Jiang.

30.        Defendant Hui Jing Zhu had the authority to terminate workers' employment at Liangtse Wellness.  She exercised that authority, including by firing Plaintiffs Tian and Feng in approximately November 2022, and by firing Plaintiff Jiang in approximately August, 2022.

31.        At all times Plaintiffs worked at Liangtse Wellness, Defendant Hui Jing Zhu was Plaintiffs' "employer" within the meaning of the FLSA and the NYLL.

## FACTS

### Working Conditions

32.        The Plaintiffs' primary work responsibilities throughout their employment at Liangtse Wellness included giving massages to the spa's customers, cleaning the spa, organizing the massage rooms, folding towels, and laundering the spa's sheets and towels.

33.        The Plaintiffs were at all times "manual workers" within the meaning of N.Y. Labor Law § 190.

34.        The Plaintiffs generally shared the same work schedule (i.e., start and end times to their shifts).

35.        During all times prior to approximately December 2023, the Plaintiffs started their daily work at approximately 10:30 A.M. and finished their daily work between approximately 7:30 and 8:00 PM.

5

36.    Between approximately December, 2023 and mid-February, 2024, the Plaintiffs started their daily work at approximately 10:30 A.M. and finished their daily work at 7:00 P.M.

37.    From approximately mid-February 2024 to the present, the Plaintiffs' daily schedules changed such that they worked eight and a half hours per day with a half hour lunch break – i.e., eight compensable working hours.

38.    Prior to approximately December, 2023, the Plaintiffs normally did not receive any break time during their daily shifts.  They were required to stay in the spa at all times during their shifts and be available if customers required their services.

39.    Plaintiffs' normal workdays included some time cleaning and preparing the spa, some time giving massages and some time waiting in the spa for customers.

40.    From the start of her employment to approximately mid-July 2021, Plaintiff Tian normally worked one day per week.  From approximately mid-July 2021 to March 2022, Plaintiff Tian normally worked two days per week.  From approximately March, 2022 to approximately August, 2022, Plaintiff Tian normally worked 4 or 5 days per week.  For approximately one month around August 2022, Plaintiff Tian normally worked six days per week.  From September 2022 to November 2022, Plaintiff Tian normally worked five days per week, and thereafter to approximately February, 2024 she normally worked three days per week. From approximately February 2024 to the present, Plaintiff Tian has worked two days per week.

41.    During all periods when Plaintiff Tian worked five or more days per week, she normally worked more than forty hours per week in each week of the relevant period.

42.    From the start of her employment to approximately May 2021, Plaintiff Feng normally worked two days per week.  From approximately May 2021 to approximately April,

2022, Plaintiff Feng worked four days per week.  Thereafter, Plaintiff Feng normally worked one day per week.

43.    From the start of his employment until approximately August, 2021, Plaintiff Jiang normally worked six days per week.  From approximately September, 2021 to February, 2022, Plaintiff Jiang normally worked three or four days per week.  From approximately March 2022 to May 2022, Plaintiff Jiang normally worked four days per week, and thereafter he normally worked two or three days per week until the end of his employment.

44.    Throughout her employment at Liangtse Wellness, Plaintiff Yang normally worked four days per week.

45.    Although the Plaintiffs normally worked a daily schedule of approximately 8.5 to 9.5 hours depending on the time period, the Defendants failed to compensate the Plaintiffs for all of the hours that they worked.

46.    The Defendants paid Plaintiffs Tian and Feng an hourly rate of $25 during the periods of their employment prior to approximately October 1, 2022.  From approximately October 1, 2022 until approximately mid-February, 2024, the Defendants paid Plaintiffs Tian and Feng $120 per day.  From approximately mid-February, 2024 to the present, the Defendants paid Plaintiffs Tian and Feng $16 per hour.

47.    The Defendant paid Plaintiff Jiang an hourly rate of $20 per hour from the beginning of his employment until approximately April, 2021.  Thereafter, through the end of his employment, the Defendants paid Plaintiff Jiang an hourly rate of $25 per hour.

48.    During the periods that the Defendants paid Plaintiffs Tian, Feng and Jiang an hourly rate, the Defendants failed to pay those Plaintiffs for all of the hours that they worked.  The Defendants' policy or practice was to pay those Plaintiffs only for time when they were giving

7

massages to customers, but not for time cleaning, organizing or waiting for customers even though Plaintiffs were required to remain in the workplace throughout these time periods.  As a result, the Defendants paid those Plaintiffs for only approximately two to five hours of work per day.

49.        During the period in which Plaintiffs Tian, Feng and Jiang were paid $20 or $25 per hour for only some of their hours, the wages received by those Plaintiffs fell below $15 per hour, the minimum wage under the New York Labor Law.

50.        The Defendants also never paid Plaintiffs Tian, Feng and Jiang any overtime premiums for the periods in which they worked more than forty hours per week, as described above.

51.        During the period in which the Defendants paid Plaintiffs Tian and Feng a daily rate of $120, the amount they effectively received per hour fell below the applicable minimum wage of $15 per hour prior to January 1, 2024, and below the applicable minimum wage of $16 per hour on and after January 1, 2024.

52.        During the period in which the Defendants paid Plaintiffs Tian and Feng a daily rate of $136, the amount they effectively received per hour fell below the applicable minimum wage of $16 per hour.

53.        Defendants promised to pay Plaintiff Yang a daily salary of $140 from the beginning of her employment until approximately late 2020, and thereafter the Defendants promised to pay Plaintiff Jiang a daily salary of $120.

54.        The amounts promised to Plaintiff Yang fell below the required New York State minimum wage throughout the entirety of her employment in light of the number of hours she worked each day.

55.      The Defendants failed to pay Plaintiff Yang all of the wages they promised to pay her for some periods, if not all, of her employment.  The Defendants provided Plaintiff Yang with paystubs that obfuscated the amount of wages she was being paid.  The W2 form issued by the Defendants for 2021, for example, shows that Defendants paid Plaintiff Yang only approximately one half of the wages that she had earned based on her promised rate of pay.

56.      Throughout the Plaintiffs' employment, the Defendants paid the Plaintiffs their wages once every two weeks, with such payment being made approximately five days after the end of the two week pay period.  As a result of this practice, the Plaintiffs always received their wages more than seven calendar days after the end of the first week in each two week pay period.

57.      Defendants failed to provide Plaintiffs any notice at the time of hiring, in writing in English and Plaintiffs' preferred language, containing the rate of pay and basis thereof, allowances claimed as part of the minimum wage, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer, as required under NYLL § 195(1)(a).

58.      Defendants failed to provide Plaintiffs any notice, written or otherwise, at the time of payment or afterward, setting forth all of the information required by NYLL § 195(3), such as by failing to include the number of hours worked or rates of pay, in violation of NYLL § 195(3).

59.      Because Defendants paid Plaintiffs for only some of their hours of work, and because their pay varied on a daily basis, the effective hourly rate that Plaintiffs received also varied on a daily and weekly basis.  By not providing Plaintiffs with paystubs setting forth the legally required information – including their hourly rates of pay and the number of hours for which the Plaintiffs were being paid – the Defendants hid from the Plaintiffs their hourly rate of pay, and

9

hid from the Plaintiffs the fact that they were receiving less than the applicable minimum wage under the New York State Labor Law, and in Plaintiff Yang's case that she was not receiving all of the pay she had been promised.

60.     The Plaintiffs continued to work for Defendants for a lengthy period of time without knowing that they were receiving less than the lawful minimum wage.  Had they known that they were receiving less than the minimum wage or not receiving all of their promised wages, the Plaintiffs may have either insisted on being paid at least the lawful minimum wage or may have found work for other employers that paid the lawful minimum wage.  Plaintiffs thus suffered damages because the employer hid its labor law violations from them.

61.     The Defendants' violations set forth above were willful within the meaning of the Fair Labor Standards Act, in that Defendants knew they were violating the law or showed reckless disregard for their obligations.

62.     Defendant Liu describes himself as a serial entrepreneur and has founded and managed several businesses in the U.S., including but not limited to O2O Catering, Justburp, Bellytalk, and Genesis Brand Management.  Genesis Brand Management operates numerous restaurants and other businesses in the United States, including but not limited to Liangtse Wellness.

63.     Defendants provided materially misleading pay statements to the Plaintiffs, which may have been intentionally designed to cover up the fact that Defendants were not paying the Plaintiffs legally required overtime wages or complying with other requirements under the FLSA and New York Labor Law.  By example, the paystubs issued by Defendants failed to state the number of hours that the Plaintiffs worked each week, which hid the fact that the Plaintiffs sometimes worked more than forty hours per week and were entitled to overtime pay.

10

## FIRST CAUSE OF ACTION

### Failure to Pay Overtime Under the Fair Labor Standards Act (Plaintiffs Tian, Feng and Jiang)

64.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

65.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

66.     Defendants failed to pay Plaintiffs overtime wages at rates at least one-and-a-half times the regular rate of pay and the lawful minimum wage, in violation of 29 U.S.C. § 207.

67.     Defendants' failure to pay Plaintiffs their lawful overtime wages was willful.

68.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Under the New York Labor Law (Plaintiffs Tian, Feng and Jiang)

69.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

70.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

71.     Defendants failed to pay Plaintiffs overtime wages at rates at least one-and-a-half times the regular rate of pay and the lawful minimum wage, in violation of N.Y. Labor Law § 652 and 12 N.Y.C.R.R. 142-2.2.

72. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

**THIRD CAUSE OF ACTION**

**Failure to Pay Earned Wages Under the New York Labor Law (All Plaintiffs)**

73. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

74. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 190.

75. Throughout their employment at Liangtse Wellness, Defendants failed to pay Plaintiffs for all of the hours that they worked, in violation of, *inter alia*, New York Labor Law §§ 191 and 193.

76. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

**FOURTH CAUSE OF ACTION**

**Failure to Pay Wages in a Timely Manner Under the New York Labor Law (All Plaintiffs)**

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

78. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 190.

12

79.    Throughout their employment at Liangtse Wellness, Defendants failed to pay Plaintiffs all of their wages within seven calendar days after the end of each work week as required by New York Labor Law § 191.

80.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, liquidated damages in an amount equal to all late paid wages, as well as reasonable attorneys' fees, costs of the action, and interest.

## FIFTH CAUSE OF ACTION

### Minimum Wages Under the New York Labor Law (All Plaintiffs)

81.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

82.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

83.    Throughout Plaintiffs' employment at Liangtse Wellness, Defendants failed to pay Plaintiffs the applicable minimum wage required by the New York Labor Law and accompanying regulations, 12 N.Y.C.R.R. § 142-2.1.

84.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SIXTH CAUSE OF ACTION

### Failure to Provide Notice at the Time of Hire Under the New York Labor Law (All Plaintiffs)

85.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

13

86.     Defendants failed to provide Plaintiffs written notices at the time of hire in English and in the Plaintiffs' primary language with information such as rate of pay, the regular payday, and the name of the employer, among other information. Defendants' acts violated N.Y. Labor Law § 195(1)(a).

87.     Plaintiffs are each entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(1)(a), interest, reasonable attorneys' fees, and costs of the action.

## SEVENTH CAUSE OF ACTION

**Failure to Provide Pay Statements Under the New York Labor Law (All Plaintiffs)**

88.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

89.     Throughout Plaintiffs' employment at Liangtse Wellness, Defendants failed to provide Plaintiffs with a written statement at the time wages were paid containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate(s) of pay and basis this of; gross wages; deductions; allowances, if any; net wages; regular hourly rate of pay; overtime rate of pay; number of regular hours worked; and number of overtime hours worked

90.     Defendants' acts violated N.Y. Labor Law § 195(3) throughout Plaintiffs' employment.

91.     Plaintiffs are each entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(3), interest, reasonable attorneys' fees, and costs of the action.

## PRAYER FOR RELIEF

14

WHEREFORE Plaintiffs respectfully requests that judgment be granted:

1.    Declaring that Defendants' conduct complained of herein is in violation of the federal and New York State labor laws;

2.    Awarding Plaintiffs unpaid earned wages, minimum wages, and overtime wages;

3.    Awarding Plaintiffs liquidated damages;

4.    Awarding Plaintiffs damages due to violations of NYLL §195 for failure to provide required notices and pay statements;

5.    Awarding Plaintiffs attorneys' fees and costs;

6.    Awarding Plaintiffs pre- and post-judgment interest;

7.    Awarding Plaintiffs an order pursuant to NYLL §§ 198(4) and 663(4) that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent; and

8.    Awarding Plaintiffs any such further relief as may be just and proper.


Dated: Hawthorne, New York
       July 22, 2024

                                        Respectfully submitted,

                                        */s/ Robert McCreanor*
                                        Robert D. McCreanor
                                        Law Office of Robert D. McCreanor, PLLC
                                        245 Saw Mill River Road
                                        Hawthorne, NY 10532
                                        (845) 202-1833 (tel.)
                                        rmccreanor@rdmclegal.com

                                        and

                                        David A. Colodny
                                        Catholic Migration Services

15

47-01 Queens Blvd., Suite 203
Sunnyside, NY  11104
(347) 472-3500 ext. 1014 (tel.)
(347) 472-3501 (fax)
dcolodny@catholicmigration.org